IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LELAND D. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 04-0410-P-L |
| | ) |
| JO ANNE B. BARNHART, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE  MAGISTRATE JUDGE

On February 17, 2005, the Magistrate Judge issued a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), recommending that the decision of the Commissioner to deny plaintiff's claim for Social Security disability insurance benefits and supplemental security income benefits be affirmed (doc.19).  On February 23, 2005, plaintiff filed an Objection to Magistrate's Recommendation (doc.20); defendant filed a Response (doc.21); and plaintiff filed a Brief In Support of Objection (doc.22).

After due and proper consideration of the record in its entirety, and a *de novo* review of those portions of the Report and Recommendation to which objection is made, the Recommendation of the Magistrate Judge is adopted as the opinion of this court.

Plaintiff raises several objections:

1.  Defendant ignored the mandate of this court in failing to find the legion of physical and mental problems as being disabled (doc.20, p.1-7);

2.  the ALJ's vocational witness has given testimony that does not support a finding that persons suffering from the numerous conditions listed in the record is not disabled. Id., p.7-9;

3.  there are other discrepancies in the Commissioner's Brief and subsequent Magistrate Judge's

Report.  Id., p.9-18;

  4.  the Commissioner and the Magistrate Judge failed to give weight or consideration to the matters submitted while plaintiff's claim was before the Appeals Council.  Id., p.18-25;

  5.  the federal indictment from South Carolina, it's subsequent handling relying in part on this court's pretrial services indicates a finding by a federal agency, and a judicial finding that plaintiff was incapable of maintaining employment.  Id., p.25-26; and

  6.  the ALJ, the Commissioner and the Magistrate Judge did not give sufficient weight to the expert, family and other lay testimony.  Id., p.26-27.

  This court finds that all but plaintiff's fourth objection are duplicative and were addressed by the Magistrate Judge (doc.19).  This court finds no error on the part of the Magistrate Judge regarding plaintiff's objections one-to-three, and five and six.  Plaintiff's fourth objection is addressed herein.

  This court is not free to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  Title 42 U.S.C. § 405(g) precludes a *de novo* judicial proceeding and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Even if [the court] finds that the evidence preponderates against the Secretary's decision, [the court] must affirm if the decision is supported by substantial evidence."  Bloodworth, at 1239.

  Plaintiff argues that the Commissioner and the Magistrate Judge failed to give weight or consideration to the matters submitted while plaintiff's claim was before the Appeals Council, specifically, an Affidavit submitted by plaintiff's brother Adrian Gibbs dated March 4, 2004 (doc.20, p.18-25).  The Affidavit paints a picture of plaintiff's alleged inability to independently undertake the activities of daily living since his mother was removed from their home on February 4, 2004, to a nursing facility (Tr.426-

31).

The ALJ issued his decision on November 19, 2003 (Tr.466-81). Thereafter, while plaintiff's claim was before the Appeals Council, the Affidavit was submitted. The Appeals Council considered the evidence and notified plaintiff's counsel on April 24, 2004, that no action would be taken; the ALJ's decision became final (Tr.411-12). In its consideration of the evidence, the Appeals Council specifically noted the Affidavit. "The affidavit from [plaintiff's] brother dated March 4, 2004... indicates that [plaintiff's] condition has deteriorated but there is no accompanying medical documentation." (Tr.411). The Appeals Council advised: "You may wish to consider filing a new application for Title XVI benefits... Any application for Title II benefits would bear the burden of proving the existence of disability on or before March 31, 2002, the date [plaintiff] last met the special insured status requirements for disability purposes." (Tr.412). Thus, plaintiff's claim that the Commissioner failed to give weight or consideration to the Affidavit submitted while plaintiff's claim was before the Appeals Council is without merit.

Plaintiff also claims that the Magistrate Judge failed to give weight or consideration to the Affidavit. Out of plaintiff's cryptic claims, the Magistrate Judge was able to discern six alleged errors on the part of the ALJ.[1] None of plaintiff's claims or alleged errors discerned by the Magistrate Judge, raise an issue regarding the Affidavit presented to the Appeals Council. Plaintiff's reference to Adrian Gibbs' Affidavit can only be interpreted as an apparent effort to show that plaintiff's alleged mental impairment has worsened, in order to prevail herein or at least, to garner a further remand to the Commissioner. Id., p.21, 28-29.

However, in order to succeed on a claim that remand for consideration of new evidence is

---

[1] Pursuant to the court's Social Security Scheduling Order, plaintiff was to file a proposed Report and Recommendation and Fact Sheet (doc.5, procedure 4). Inexplicably, plaintiff's filing contains two documents: 1) Plaintiff's Proposed Report and Recommendation, pages 1-24; and 2) Report and Recommendation, pages 26-42, plus the Fact Sheet, pages 43-44.

appropriate, plaintiff is required to show that: 1) new, non-cumulative evidence exists; 2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and 3) good cause exists for a plaintiff's failure to submit the evidence at the appropriate administrative level.  Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied 525 U.S. 1124 (1999).

This court finds that the Affidavit of plaintiff's brother is not material to the decision rendered by the ALJ.  Evidence is only "material" if it relates to the time period for which benefits were denied and is not evidence of subsequent deterioration of the previously non-disabling condition.  See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999).  "We review the decision of the ALJ as to whether [plaintiff] was entitled to benefits during a specific period of time, which period [is] necessarily prior to the date of the ALJ's decision.  Id.

Herein, the relevant time period is before November 19, 2003, the date of the ALJ's decision (Tr.481).  Whether or not plaintiff's impairments have deteriorated since November 19, 2003, "is simply not probative of any issue in this case."  Wilson, at 1279.  If plaintiff's condition has deteriorated, another application for benefits can be filed.  Id., at n.5.  This court finds no error on the part of the Magistrate Judge.

This court also notes that in connection with plaintiff's third objection, other alleged discrepancies in the Commissioner's Brief and the Magistrate Judge's Report, plaintiff refers, *inter alia*, to two prior involuntary commitments (doc.20, p.10).  Although not presented as a claim before the Magistrate Judge, or discernable as an alleged error on the part of the ALJ, plaintiff references these events in connection with his mental impairment (he "had been involuntarily committed for mental and anti social conduct even before 1996...") (doc.11, p.37; doc.20, p.10).  Plaintiff's disability onset date is October 15, 1996 (Tr.466).

However, plaintiff has presented no evidence of record concerning these alleged events.  As the ALJ noted, although plaintiff "has a long history of emotional problems,... there is no evidence that he was receiving mental health treatment at the time of his alleged disability onset or at the time he filed his application for disability benefits."  (Tr.473).  The earliest record evidence regarding an alleged mental impairment is dated March, 1998 (Tr.473, referring to Exhibit 2F, Comprehensive Psychological Evaluation dated March 6, 1998, which diagnosed "Depression NOS" (Tr.197-201)).  This court finds that the Magistrate Judge considered this, and all the evidence of record in connection with plaintiff's alleged mental and physical impairments (doc.19, p.9-23).  Plaintiff's objections are OVERRULED.

Accordingly, after due and proper consideration of the record in its entirety, and a *de novo* review of those portions of the Report and Recommendation to which objection is made, the Recommendation of the Magistrate Judge is adopted as the opinion of this court.  It is ORDERED that the decision of the Commissioner to deny plaintiff's claim for Social Security disability insurance benefits and supplemental security income benefits be and is hereby AFFIRMED, and that plaintiff's action be and is hereby DISMISSED.

DONE this 19th day of April, 2005.

    S/Virgil Pittman  
SENIOR UNITED STATES DISTRICT JUDGE